EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

J. MICHAEL SEABRIGHT
Assistant U.S. Attorney

MARK E. RECKTENWALD
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd., Box 50183
Honolulu, Hawaii 96850
Telephone: 541-2850

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 20 2002

at ___ o'clock and ___ min. ___M.
WALTER A.Y.H. CHINN, CLERK

SEALED
BY ORDER OF THE COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR. NO. CR02 00275 SOM |
| Plaintiff, | INDICTMENT |
| vs. | [18 U.S.C. § 371; |
| KIMBERLY HUFFMAN, (01) | 18 U.S.C. § 1344; |
| MAXINE LYNN ROGERS, (02) | 18 U.S.C. § 1708] |
| PAMIE COMPEHOS, (03) | |
| JANDA MENDEZ, (04) | |
| LUMOND K. GALDEIRA, (05) | |
| STEPHANIE M. SECHRIST, (06) | |
| Defendants. | |

INDICTMENT

The Grand Jury charges that:

COUNT 1

1. From a precise time unknown to Grand Jury but by in or about August of 1999 and continuing through at least in or

about October, 1999, in the District of Hawaii, KIMBERLY HUFFMAN, MAXINE LYNN ROGERS, PAMIE COMPEHOS, JANDA MENDEZ, LUMOND K. GALDEIRA, and STEPHANIE M. SECHRIST, Defendants herein, did willfully and knowingly combine, conspire, confederate, and agree together and with each other, and with other persons both known and unknown to the Grand Jury, to unlawfully possess letters and mail, and articles and things contained therein, which had been stolen and taken from and out of the mail, a letter box, a mail receptacle, and an authorized depository for mail matter, knowing the same to have been stolen and taken, in violation of Title 18, United States Code, Section 1708.

## WAYS AND MEANS OF THE CONSPIRACY

2. The manner and means by which this conspiracy was carried out included the following:

   a. Members of the conspiracy drove through residential neighborhoods on the Island of Oahu, including neighborhoods in the Kailua and Kaneohe areas. They looked for boxes which had the attached red outgoing mail flag raised. They then stole the outgoing mail from the boxes. They referred to this process as "red flagging."

   b. Members of the conspiracy opened the mail and took any checks that they found inside. Typically, those checks had been filled out in ink by the payors, and were made payable to various payees. The members of the conspiracy then

fraudulently altered the stolen checks so they could negotiate them. In most instances, they "washed" the checks in a solution that removed the ink from the checks. The members of the conspiracy then filled in the amounts and dates on the checks, and forged the signatures of the payors. They made the checks payable to themselves, to cash, or to other persons whom they had recruited to help them. None of those persons were authorized by the original payors to receive the checks or to negotiate them. They then took the checks to financial institutions, where they presented themselves as authorized payees and cashed or deposited the checks.

## OVERT ACTS

3. In furtherance of the conspiracy and to effect the objects of the conspiracy, Defendants KIMBERLY HUFFMAN, MAXINE LYNN ROGERS, PAMIE COMPEHOS, JANDA MENDEZ, LUMOND K. GALDEIRA, and STEPHANIE M. SECHRIST, and their co-conspirators, committed diverse overt acts, in the District of Hawaii, among which were the following:

a. On or about September 9, 1999, Defendant KIMBERLY HUFFMAN went to First Hawaiian Bank in Kaneohe, and attempted to cash check number 0907, which was drawn on a First Hawaiian Bank account of Gertrude L.

b. On or about September 22, 1999, Defendant MAXINE LYNN ROGERS went to the Kaneohe Branch of Bank of Hawaii

and attempted to cash check number 5177, which was drawn on the Bank of Hawaii account of Robert E.

        c.    On or about September 20, 1999, Defendant PAMIE COMPEHOS deposited or caused to be deposited at Bank of Hawaii check number 0217, which was drawn on the Honolulu Federal Employees Federal Credit Union account of Paul and Pamela A.

        d.    On or about October 28, 1999, Defendant JANDA MENDEZ and another individual drove to the Honolulu Federal Employees Federal Credit Union for the purpose of negotiating check number 129, which was drawn on the City Bank account of Charlotte F.

        e.    On or about September 27, 1999, Defendant LUMOND K. GALDEIRA went to the Foodland Market City branch of American Savings Bank and attempted to deposit check number 1253, which was drawn on the American Savings Bank account of Janet G.

        f.    On or about October 27, 1999, Defendant STEPHANIE M. SECHRIST went to the Dillingham Boulevard branch of Bank of Hawaii and attempted to cash check number 1715, which had been drawn on the Bank of Hawaii account of Cliff and Nancy H.

All in violation of Title 18, United States Code, Section 371.

### COUNT 2

The Grand Jury further charges that:

4

1.  From a precise time unknown to Grand Jury but by in or about August of 1999 and continuing through at least in or about October, 1999, in the District of Hawaii, KIMBERLY HUFFMAN, MAXINE LYNN ROGERS, PAMIE COMPEHOS, JANDA MENDEZ, LUMOND K. GALDEIRA, and STEPHANIE M. SECHRIST, Defendants herein, and others both known and unknown to the grand jury, devised a scheme and artifice to defraud various financial institutions, and to obtain moneys, funds, and other property owned by, and under the care custody and control of, those financial institutions, by means of false and fraudulent pretenses and representations.

2.  As part of the scheme and artifice to defraud and to obtain moneys, funds, and other property of various financial institutions, the participants in the fraudulent scheme did a number of things in the District of Hawaii, including the following:

    a.  Participants in the fraudulent scheme drove through residential neighborhoods on the Island of Oahu, including neighborhoods in the Kailua and Kaneohe areas. They looked for boxes which had the attached red outgoing mail flag raised. They then stole the outgoing mail from the boxes. They referred to this process as "red flagging."

    b.  Participants in the fraudulent scheme then opened the mail and took any checks that they found inside. Typically, those checks had been filled out in ink by the payors,

5

and were made payable to various payees.  The participants in the fraudulent scheme then fraudulently altered the stolen checks so they could negotiate them.  In most instances, they "washed" the checks in a solution that removed the ink from the checks.  They then filled in the amounts and dates on the checks, and forged the signatures of the payors.  They made the checks payable to themselves, to cash, or to other persons whom they had recruited to help them.  None of those persons were authorized by the original payors to receive the checks or to negotiate them.  They then took the checks to financial institutions, where they presented themselves as authorized payees and cashed or deposited the checks.

        3.    On or about September 9, 1999, in the District of Hawaii, KIMBERLY HUFFMAN, defendant herein, did knowingly execute, and attempt to execute, a scheme and artifice to defraud First Hawaiian Bank, a financial institution whose deposits were insured by the Federal Deposit Insurance Corporation, and to obtain moneys, funds, and other property owned by, and under the care custody and control of, First Hawaiian Bank, by means of false and fraudulent pretenses and representations, which scheme and artifice is described in Paragraphs 1 and 2 of Count 1, in that she went to First Hawaiian Bank in Kaneohe, and attempted to cash check number 0907, drawn on a First Hawaiian Bank account of Gertrude L., knowing such check to have been fraudulently altered

so that it purported to be made payable to "Kimberly K. Huffman c/o Aloha Nursing & Rehab Centre", when in truth and fact, it had originally been payable only to "Aloha Nursing & Rehab Centre".

All in violation of Title 18, United States Code, Section 1344.

## COUNT 3

The Grand Jury further charges that:

1. The Grand Jury realleges and incorporates by reference Paragraphs 1 and 2 of Count 2 as though fully set forth herein.

2. On or about September 22, 1999, in the District of Hawaii, MAXINE LYNN ROGERS, defendant herein, did knowingly execute, and attempt to execute, a scheme and artifice to defraud Bank of Hawaii, a financial institution whose deposits were insured by the Federal Deposit Insurance Corporation, and to obtain moneys, funds, and other property owned by, and under the care custody and control of, Bank of Hawaii, by means of false and fraudulent pretenses and representations, which scheme and artifice is described in Paragraphs 1 and 2 of Count 1, in that she went to the Kaneohe branch of Bank of Hawaii, and attempted to cash check number 5177, drawn on a Bank of Hawaii account of Robert E., knowing that such check had been stolen and that she had not been authorized by Robert E. to cash it.

All in violation of Title 18, United States Code, Section 1344.

### COUNT 4

The Grand Jury further charges that:

1. The Grand Jury realleges and incorporates by reference Paragraphs 1 and 2 of Count 2 as though fully set forth herein.

2. On or about September 20, 1999, in the District of Hawaii, PAMIE COMPEHOS, defendant herein, did knowingly execute, and attempt to execute, a scheme and artifice to defraud the Honolulu Federal Employees Federal Credit Union, a financial institution whose deposits were insured by the National Credit Union Administration Board, and to obtain moneys, funds, and other property owned by, and under the care custody and control of, Honolulu Federal Employees Federal Credit Union, by means of false and fraudulent pretenses and representations, which scheme and artifice is described in Paragraphs 1 and 2 of Count 1, in that she deposited or caused to be deposited into an account at Bank of Hawaii check number 0217, drawn on a Honolulu Federal Employees Federal Credit Union account of Paul and Pamela A., knowing that such check had been stolen and that she had not been authorized by Paul and Pamela A. to deposit it.

All in violation of Title 18, United States Code, Section 1344.

COUNT 5

The Grand Jury further charges that:

1. The Grand Jury realleges and incorporates by reference Paragraphs 1 and 2 of Count 2 as though fully set forth herein.

2. On or about October 28, 1999, in the District of Hawaii, JANDA MENDEZ, defendant herein, did knowingly execute, and attempt to execute, a scheme and artifice to defraud City Bank, a financial institution whose deposits were insured by the Federal Deposit Insurance Corporation, and to obtain moneys, funds, and other property owned by, and under the care custody and control of, City Bank, by means of false and fraudulent pretenses and representations, which scheme and artifice is described in Paragraphs 1 and 2 of Count 1, in that she drove to the Honolulu Federal Employees Federal Credit Union together with another person for the purpose of having that other person negotiate check number 129, drawn on a City Bank account of Charlotte F., knowing that such check had been stolen and that neither she nor that other person had been authorized by Charlotte F. to negotiate it.

All in violation of Title 18, United States Code, Section 1344.

COUNT 6

The Grand Jury further charges that:

1.   The Grand Jury realleges and incorporates by reference Paragraphs 1 and 2 of Count 2 as though fully set forth herein.

2.   On or about September 27, 1999, in the District of Hawaii, LUMOND K. GALDEIRA, defendant herein, did knowingly execute, and attempt to execute, a scheme and artifice to defraud American Savings Bank, a financial institution whose deposits were insured by the Federal Deposit Insurance Corporation, and to obtain moneys, funds, and other property owned by, and under the care custody and control of, American Savings Bank, by means of false and fraudulent pretenses and representations, which scheme and artifice is described in Paragraphs 1 and 2 of Count 1, in that he went to the Foodland Market City branch of American Savings Bank and attempted to deposit check number 1253, drawn on an American Savings Bank account of Janet G., knowing that such check had been stolen and that he had not been authorized by Janet G. to deposit it.

All in violation of Title 18, United States Code, Section 1344.

## COUNT 7

The Grand Jury further charges that:

1.   The Grand Jury realleges and incorporates by reference Paragraphs 1 and 2 of Count 2 as though fully set forth herein.

   2. On or about October 27, 1999, in the District of Hawaii, STEPHANIE M. SECHRIST, defendant herein, did knowingly execute, and attempt to execute, a scheme and artifice to defraud Bank of Hawaii, a financial institution whose deposits were insured by the Federal Deposit Insurance Corporation, and to obtain moneys, funds, and other property owned by, and under the care custody and control of, Bank of Hawaii, by means of false and fraudulent pretenses and representations, which scheme and artifice is described in Paragraphs 1 and 2 of Count 1, in that she went to the Dillingham Boulevard branch of Bank of Hawaii and attempted to cash check number 1715, drawn on a Bank of Hawaii account of Cliff and Nancy H., knowing that such check had been stolen and that she had not been authorized by Cliff and Nancy H. to cash it.

   All in violation of Title 18, United States Code, Section 1344.

## COUNT 8

   The Grand Jury further charges that:

   On or about September 9, 1999, in the District of Hawaii, KIMBERLY HUFFMAN, Defendant herein, did unlawfully have in her possession articles and things contained in mail, namely, check number 0907, drawn on a First Hawaiian Bank account of Gertrude L., which had been stolen and taken from and out of the

11

mail, letter boxes, mail receptacles, and authorized depositories for mail matter, knowing the same to have been stolen and taken.

All in violation of Title 18, United States Code, Section 1708.

## COUNT 9

The Grand Jury further charges that:

On or about September 22, 1999, in the District of Hawaii, MAXINE LYNN ROGERS, Defendant herein, did unlawfully have in her possession articles and things contained in mail, namely, check number 5177, drawn on a Bank of Hawaii account of Robert E., which had been stolen and taken from and out of the mail, letter boxes, mail receptacles, and authorized depositories for mail matter, knowing the same to have been stolen and taken.

All in violation of Title 18, United States Code, Section 1708.

## COUNT 10

The Grand Jury further charges that:

On or about September 20, 1999, in the District of Hawaii, PAMIE COMPEHOS, Defendant herein, did unlawfully have in her possession articles and things contained in mail, namely, check number 0217, drawn on a Honolulu Federal Employees Federal Credit Union account of Paul and Pamela A., which had been stolen and taken from and out of the mail, letter boxes, mail

receptacles, and authorized depositories for mail matter, knowing the same to have been stolen and taken.

All in violation of Title 18, United States Code, Section 1708.

## COUNT 11

The Grand Jury further charges that:

On or about October 28, 1999, in the District of Hawaii, JANDA MENDEZ, Defendant herein, did unlawfully have in her possession articles and things contained in mail, namely, check number 129, drawn on a City Bank account of Charlotte F., together with numerous other items, which had been stolen and taken from and out of the mail, letter boxes, mail receptacles, and authorized depositories for mail matter, knowing the same to have been stolen and taken.

All in violation of Title 18, United States Code, Section 1708.

## COUNT 12

The Grand Jury further charges that:

On or about September 27, 1999, in the District of Hawaii, LUMOND K. GALDEIRA, Defendant herein, did unlawfully have in his possession articles and things contained in mail, namely, check number 1253, drawn on an American Savings Bank account of Janet G., which had been stolen and taken from and out of the

mail, letter boxes, mail receptacles, and authorized depositories for mail matter, knowing the same to have been stolen and taken.

All in violation of Title 18, United States Code, Section 1708.

## COUNT 13

The Grand Jury further charges that:

On or about October 27, 1999, in the District of Hawaii, STEPHANIE M. SECHRIST, Defendant herein, did unlawfully have in her possession articles and things contained in mail, namely, check number 1715, drawn on a Bank of Hawaii account of Cliff and Nancy H., which had been stolen and taken from and out of the mail, letter boxes, mail receptacles, and authorized depositories for mail matter, knowing the same to have been

//
//
//
//
//
//
//
//
//
//
//

stolen and taken.

All in violation of Title 18, United States Code, Section 1708.

DATED: June 20, 2002 Honolulu, Hawaii.

A TRUE BILL.

/s/

_____
FOREPERSON, Grand Jury


EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii


_____
J. MICHAEL SEABRIGHT
Assistant U.S. Attorney


_____
MARK E. RECKTENWALD
Assistant U.S. Attorney


United States v. KIMBERLY HUFFMAN, ET AL.,
CR. No. _____; "INDICTMENT"